UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:18-cv-20049-KMW

DIONYS BEJERANO, JORGE L. GRANADOS MILLAN, and all others similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

v.

FLEX FLORIDA CORP. d/b/a BEST AWNINGS and FELIX G. ARBUCIAS,

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND DEMAND FOR JURY TRIAL

    Defendants, FLEX FLORIDA CORP. and FELIX G. ARBUCIAS, by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiffs' Complaint as follows:

    1.    Admitted that the alleges a cause of action under the Fair Labor Standards Act 29 U.S.C. §§201-216.

    2.    Defendants are without knowledge as to the truthfulness or accuracy of the allegation contained in this Paragraph, but presume it to be true, for jurisdiction and venue purposes only.

    3.    Defendants are without knowledge as to the truthfulness or accuracy of the allegation contained in this Paragraph, but presume it to be true, for jurisdiction and venue purposes only.

4.  (3)[1] Admitted that the entity Defendant is a corporation that regularly transacts business within Miami-Dade County. Further, admitted that the entity Defendant was Plaintiffs' employer within the time period alleged.

5.  (4) Admitted.

6.  (5) Admitted for venue purposes only. Denied for any other purpose.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

7.  (6) Admitted that the Complaint alleges violation of a United States statute. Admitted that the Complaint attempts to allege a cause of action for collective action under 29 U.S.C. §216(b). All other allegations or assertions in this paragraph are denied.

8.  (7) Admitted.

9.  (8) This Paragraph does not contain a factual allegation to which a response is required. The referenced statute speaks for itself.

10. (9) Denied as alleged.

11. (10) Denied as alleged.

12. (11) This paragraph contains boiler plate legal conclusions containing mere recitation of elements masked as factual allegations to which no response is required because no specific factual allegations are made. To the extent a response is required, due to the vagueness of the allegations, they are denied.

13. (11) Admitted that the entity Defendant regularly employed two or more employees who handled goods or materials that travelled through interstate commerce.

14. (12) Admitted.

15. (13) Denied.

---

[1] Starting with Paragraph 4 of their Complaint, Plaintiffs use numbers out of sequence, resulting from using the number "3" twice and "11" twice. Therefore, the answer follows the correct sequence with a reference in parentheses to the erroneous numbered paragraph in Plaintiffs' Complaint.

16. (14) Denied.

17. (15) Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs fails to state a claim for liquidated damages because the allegations do not rise to the requisite standard required for liquidated damages under the FLSA. Defendants' actions were in good faith and they had reasonable grounds for believing that they were in compliance with the FLSA.

### Second Affirmative Defense

Plaintiffs' damages, if any, are limited by the relevant statute of limitations of two years.

### Third Affirmative Defense

Plaintiffs' claims are barred to the extent that they did not work more than forty (40) hours in any workweek.

### Fourth Affirmative Defense

Plaintiffs are not entitled to damages for hours not actually worked during any workweek.

### Fifth Affirmative Defense

Plaintiffs have not met all the requirements to bring a collective action under the FLSA.

### Sixth Affirmative Defense

Plaintiffs' claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which they engaged in certain activities that were preliminary or postliminary to their principal activities.

### Seventh Affirmative Defense

Plaintiffs' claims are barred to the extent any uncompensated work done by Plaintiffs is *de minimus*. See, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946); *Lewis v. Keiser Sch., Inc.*, 2012 U.S. Dist. LEXIS 147150, 2012 WL 4854724, 6 (S.D. Fla. Oct. 12, 2012).

### Eighth Affirmative Defense

To the extent the entity Defendant is found not to be liable, the individual Defendant, is also not liable for any violations of the FLSA because any claim against him would only be a derivative of the claim against the entity Defendant. See, e.g., *Casseus v. First Eagle, LLC*, 2008 U.S. Dist. LEXIS 32249 (S.D. Fla. April 16, 2008).

### RESERVATION OF AFFIRMATIVE DEFENSES

Defendants reserve the right to allege any further affirmative defenses as discovery proceeds.

WHEREFORE, Defendants, having fully answered the Complaint and having raised legal defenses thereto, request judgment in their favor in its entirety and that the Defendants be awarded costs, and reasonable attorneys' fees as may be allowed under 29 U.S.C. §§201-216, 28 U.S.C. §1927, and under the federal rules of civil procedure.

### JURY DEMAND

Defendants hereby request trial by jury on all issues so triable.

Respectfully submitted, this 7th day of February, 2018.

                                            LUBELL & ROSEN, LLC
                                            *Attorneys for Defendants*
                                            200 S. Andrews Ave, Suite 900
                                            Ft. Lauderdale, Florida 33301
                                            Phone: (954) 880-9500
                                            Fax: (954) 755-2993
                                            E-mail:   adi@lubellrosen.com

                                            By: *s/Adi Amit*
                                                  Adi Amit, Esquire
                                                  Florida Bar No. 35257

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 7, 2018, I electronically filed the foregoing document with the clerk of the court using CM/ECF.  I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                            By:   /s *Adi Amit*
                                                 Adi Amit, Esquire
                                                 Florida Bar No: 35257

## SERVICE LIST

*Dionys Bejerano, et al. v. Flex Florida Corp., etc., et al.*
S.D. Fla. Case No. 1:18-cv-20049-KMW

| | |
|---|---|
| Rivkah Jaff, Esq.<br>K. David Kelly, Esquire<br>J.H. Zidell, Esq.<br>J.H. ZIDELL, P.A.<br>300 71st Street, Suite 605<br>Miami Beach, Florida 33141<br>Rivkah.Jaff@gmail.com<br>david.kelly38@rocketmail.com<br>ZABOGADO@AOL.COM<br>*Counsel for Plaintiffs* | Adi Amit, Esquire<br>LUBELL & ROSEN, LLC<br>200 S. Andrews Ave.<br>Suite 900<br>Fort Lauderdale, Florida 33301<br>adi@lubellrosen.com<br>*Counsel for Defendants* |

5