UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-20049-CIV-KMW

DIONYS BEJERANO, JORGE L.         )
GRANADOS MILLAN, and              )
all others similarly situated under 29 U.S.C.  )
216(b),                           )
          Plaintiffs,          )
   vs.                          )
FLEX FLORIDA CORP. d/b/a BEST     )
AWNINGS,                          )
FELIX G. ARBUCIAS,                )
                   )
         Defendants.          )
_____   )

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTSMOTION TO STAY [DE45]

**COME NOW** the Plaintiffs, by and through the undersigned, and hereby file this Response in Opposition to Defendants' Motion to Stay, filed as [DE45], and in support thereof state as follows:

1. Defendants move this Court to stay the matter for an indefinite period of time. As set forth *infra,* Defendants have failed to demonstrate that they have met the requirements necessary for a stay. *See, FTC v. Capital Choice Consumer Credit, Inc*., 2004 U.S. Dist. LEXIS 31476, 23-24 (S.D. Fla. May 4, 2004).

2. Further, in this District, motions for stay that effect the deadlines set forth in the Court's Scheduling Order are highly disfavored and the Court will only grant a stay in the rarest of circumstances such as interlocutory appeal. *See, Sosa v. MRC Express, Inc.,* Case No.: 17-20442-CIV-LENARD/GOODMAN [DE14]; *Lopez v. La Casa De Los Trucos, Inc. a/k/a The House of Magic, Inc., et al.,* Case No.: 16-24696-CIV-LENARD/GOODMAN [DE14]

3. On November 7, 2018, this Court granted [DE43] Defendants Counsel's Motion to

Withdraw with the following restrictions (emphasis added):

    a. Defendants' Deadline to obtain new counsel is **11/21/2018**.

    b. By such date, counsel must file an appearance and **be prepared to present the defenses under the current Scheduling Order.**

4. On November 21, 2018, the last day Defendants were permitted to obtain counsel, Teri Guttman Valdes, Esq., filed a notice of appearance on behalf of all Defendants. [DE44].

5. Defendants contend a stay is appropriate because dispute regarding attorney fees arose with former counsel and same have asserted a retaining lien on Defendants' file. Further Defendants claim the "retainer agreement between Defendants and formal counsel sets forth a provision for resolution of fee disputes through the Florida Bar's procedure" [DE45]. However, Defendants fail to provide a copy of the retainer agreement and/or any indication of what this procedure entails and/or how long this procedure is expected to take.

6. In addition, Defendants contend that "upon review of the file, this case may be able to be resolved via a disposition motion". *Id.* Per the Court's Scheduling Order [DE19] the deadline for the Parties to file all dispositive pre-trial motions and memoranda of law was November 5, 2018, which has passed. Incredulously, Defendants not only seem to be seeking entry of a stay but is asking to file dispositive motions *nunc pro tunc*, without seeking leave from this Court or otherwise. Further, as noted *supra*, the Court was clear that Defense counsel must be prepared to present the defenses under the current Scheduling Order. *See,* [DE43]. Defendants should not be entitled to "a second bite of the apple" and move deadlines to serve their needs but rather have appeared late in this case and should take the case as is.

7. "In deciding whether to stay discovery pending resolution of a pending motion, the

Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *See Feldman v. Flood,* 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citing *Hovermale v. School Board of Hillsborough County,* 128 F.R.D. 287 (M.D. Fla. 1989)); *See also,Lugo v. Alvarado,* 819 F.2d 5, 7 (1st Cir. 1987).

8. As such, the Court should deny Defendants' Motion [DE45] in its entirety and should require the Parties to proceed with Court's Scheduling Order [DE19], as set forth in the Court's Order [DE43]. Further, the Court should award Plaintiffs' counsel's attorneys' fees for having to file the instant Response in Opposition, all related work, and for Defendants' vexatiously multiplying the proceedings unnecessarily.

## MEMORANDUM OF LAW

*King Cole Condo. Ass'n v. QBE Ins. Corp.*, 2010 U.S. Dist. LEXIS 91901 (S.D. Fla. Aug. 12, 2010) illustrates the prongs that Defendants must establish in order to have the Court issue a stay.

> "In order to obtain a stay, the court must determine 1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; 2) whether the applicant will be irreparably injured absent a stay, 3) whether issuance of the stay will substantially injure the other parties interested in the proceeding, and 4) where the public interest lies." *Florida Land Title Co. v. Martinez*, 1996 U.S. Dist. LEXIS 1245, 1996 WL 73386, *1 -2 (M.D. Fla. 1996) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987)).

*FTC v. Capital Choice Consumer Credit, Inc.*, 2004 U.S. Dist. LEXIS 31476, 23-24 (S.D. Fla. May 4, 2004). Moreover, in this District, motions for stay regarding deadlines in the Court's Scheduling Order are highly disfavored and the Court will only grant a stay in the rarest of circumstances such as interlocutory appeal. *See, Sosa v. MRC Express, Inc.,* Case No.: 17-20442-

CIV-LENARD/GOODMAN [DE14]; *Lopez v. La Casa De Los Trucos, Inc. a/k/a The House of Magic, Inc., et al.,* Case No.: 16-24696-CIV-LENARD/GOODMAN [DE14]. "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *See Feldman v. Flood,* 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citing *Hovermale v. School Board of Hillsborough County,* 128 F.R.D. 287 (M.D. Fla. 1989)); *See also,Lugo v. Alvarado,* 819 F.2d 5, 7 (1st Cir. 1987).

Even if a movant demonstrates that a stay should be imposed under this standard, it is an abuse of discretion for a Court to enter a stay that is "immoderate" in scope. *See, Landis v. American Water Works & Electric Co.,* 299 U.S. 248, 254-55, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936). A stay is "immoderate" in scope unless it is "so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." *Id*. A proposed stay necessarily qualifies as "immoderate" if it is of indefinite duration in light of the circumstances. *Ortega Trujillo v. Conover & Co. Communications, Inc.,* 221 F.3d 1262, 1264-65 (11th Cir. 2000). A stay qualifies as indefinite where it is conditioned on the resolution of parallel proceedings whose endpoint is not in sight. *Id* (finding that proposed stay of civil fraud proceeding qualified as indefinite and thus "immoderate" where premised upon the conclusion of parallel litigation in the Bahamas that was "not progressing quickly" even though set for trial). The mere fact that a Court conditions a stay on periodic review or status reports does not rescue the stay from qualifying as "immoderate." *Id* at 1265, n. 3.

Defendants contend that the stay should be entered due to a "dispute regarding attorney fees and that former counsel have asserted a retaining lien on Defendants' file." [DE45]. Defendants make vague assertions and failed to attach the retainer agreement referred to or

otherwise set forth the terms of said retainer agreement. Further, former Defense Counsel moved this Court to withdraw representation on October 11, 2018. *See* [DE40 & 42]. As such, Defendants have already had over two months to resolve their fee disputes and/or have an attorney enter an appearance on their behalf to ensure that the Court and Plaintiffs were aware of this dispute. Should the Court stay the case at bar, the stay will substantially injure Plaintiffs in this proceeding, especially in light of the fact that there is an indefinite stay that would be entered should the Court grant the requested relief. Further, the stay requested is indefinite and, thus, "immoderate" under the applicable standard. There is the very real concern regarding preservation of evidence as it relates to issues in this case. Further, there are concerns that witnesses may no longer recall details should the matter be stayed, and discoverable evidence may not be obtainable. Further, the interest of Plaintiffs weighs heavily in favor of allowing Plaintiffs to proceed with the instant case. There is no telling how long the "fee dispute" will be pending and the stay will place Plaintiffs' case in limbo for an indefinite amount of time. Thus, the Court should deny the requested stay for that reason.

**WHEREFORE**, PLAINTIFFS RESPECTFULLY REQUEST THE COURT SHOULD DENY DEFENDANTS' MOTION [DE45] IN ITS ENTIRETY AND REQUIRE THE PARTIES TO PROCEED WITH COURT'S SCHEDULING ORDER [DE19], AS SET FORTH IN THE COURT'S ORDER [DE43]. FURTHER, PLAINTIFFS RESPECTFULLY REQUEST THE COURT ENTER AN ORDER AWARDING PLAINTIFFS' COUNSEL'S ATTORNEYS' FEES FOR HAVING TO FILE THE INSTANT RESPONSE IN OPPOSITION, ALL RELATED WORK.

                                                          Respectfully submitted,

                                                          J. H. ZIDELL, P.A.
                                                          ATTORNEYS FOR PLAINTIFFS

                                                                         300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Neil Tobak, Esq. ___
Neil Tobak, Esquire
   Florida Bar No.: 093940

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 11/21/18 TO:**

**Teri Guttman Valdes, Esq.
Teri Guttman Valdes, LLC
1501 Venera Avenue, Suite 300
Coral Gables, FL 33146
305-740-9600
Fax: 740-9202
Email: tgvaldes@aol.com**

    **BY:__/s/____Neil Tobak_____
        NEIL TOBAK, ESQ.**