UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-20049-CIV-KMW/EGT

DIONYS BEJERANO, JORGE L. )
GRANADOS MILLAN, and )
all others similarly situated under 29 U.S.C. )
216(b), )
         Plaintiffs, )
   vs. )
FLEX FLORIDA CORP. d/b/a BEST )
AWNINGS, )
FELIX G. ARBUCIAS, )
)
         Defendants. )
_____ )

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DE59]

COME NOW the Plaintiffs, by and through undersigned counsel, and respond in opposition to Defendants' Motion for Summary Judgment and Incorporated Memorandum of Law, filed as [DE59], and in support thereof state as follows:

1. This matter sounds under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201-216 and includes one count for Federal overtime wage violations against Defendants, jointly and severally, as to each Plaintiff.

2. Defendants move for Summary Judgment [DE59] asking the Court to find as a matter of law that: (a) Plaintiffs were paid time and one-half their regular rate of pay for all hours worked for Defendants and (b) if Plaintiffs are entitled to any overtime, Plaintiffs are not entitled to go back the full three years Plaintiffs are claiming.

3. Plaintiffs dispute the validity and veracity of Defendants' alleged "time records," which, to the extent they exist and have been produced, are pitiful substitutes for time keeping records as required by 29 CFR 516.2. *See also Lamonica v. Safe Hurricane Shutters, Inc.*, 711

F.3d 1299, 1315 (11th Cir. 2013) (describing an FLSA plaintiff's burden as "relaxed" if an employer has failed to keep adequate time records). Defendants allegedly had wall calendars and, subsequently, text message communications with Plaintiffs regarding their hours worked -- a far cry from the record keeping requirements by the applicable CFR. Further, Defendants have not presented a complete set of records for the relevant time period of wall calendars, text messages, or otherwise, because same do not exist. *See,* [DE64-3], P.23, L.18-P.24, L.20; *See also,* [DE64-3], P.26, L.1-P.27, L.16; P.28, L.14-15; P.32, L.5-18.

    4.       It is impossible for the Court to form the sole basis of determining whether Plaintiffs were properly compensated for their overtime hours as required by the FLSA and whether Plaintiffs worked for the periods they respectively are claiming by relying on Defendants' alleged hotly-contested "time records,"[1] especially in light of the dueling testimony regarding the hours worked by Plaintiffs. In order for the Court to make a determination about the adequacy of the employment records and Court would need to make a credibility determination which is a factual dispute to be left to the Jury. *See also, Armando Jessurum Medrano v. The Investment Emporium LLC et al*, No. 15-15634, (11th Cir. 2016).

    4.       The facts of this case and the record testimony clearly demonstrate that Plaintiffs can establish by just and reasonable inferences the amount and extent of overtime work, Defendants' liability, and that they were not paid their overtime wages by Defendants as required by the law. *See,* Eleventh Circuit Civil Pattern Jury Instructions, Instruction No. 4.14 (2013)(If the jury finds that the employer failed to keep adequate time and pay records, an FLSA plaintiff

---

[1] Defendants' argument relies on selective citations to Plaintiffs' deposition testimony as a method to draw false inferences and inconsistent and contradictory statements while ignoring clarifying statements later found in Plaintiffs' deposition testimony. Defendant's method of drawing false inferences from Plaintiff's testimony serves only to distract from the central issues, namely, that whichever way Defendants dice it, Plaintiffs are owed overtime wages. This is less than forthright and a transparent tactic that the Court should not condone.

may "recover a reasonable estimation of the amount of [his] damages" if he has proven by a preponderance of the evidence "a reasonable estimation of the amount and extent of the work for which [he] seeks pay."); *See also, Tippens v. Celotex Corp.,* 805 F.2d 949, 954 (1lth Cir. 1986) ("Issues concerning the credibility of witnesses and weight of the evidence are questions of fact which require resolution by the trier of fact."). Alternatively, Plaintiffs have established that there is, at a minimum, a genuine issue of material fact as to whether Plaintiffs were properly compensated for their overtime hours which should be left for a Jury to determine at Trial.

5.  Defendants' contentions that Plaintiffs' claims are barred by the three year Statute of Limitations turns on the issue of willfulness which is a question of fact (i.e. regarding knowledge on the part of the employer, etc.) to be determined by the Jury alone. The issue of willfulness is a question of fact for the jury to decide and not appropriate for disposition by the Court.

6.  Further, pursuant to 29 U.S.C.A. §216(b) of the FLSA, liquidated damages in the form of a doubling of unpaid wage award is mandatory, absent a showing of good faith. *See, Joiner v. Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987); *See also*, *Reeves v. International Tel. & Tel. Corp.*, 616 F.2d 1342 (5th Cir. 1980). Moreover, the issue of the doubling of unpaid wages is determined by the Court post-trial (as is the case with attorneys' fees, if Plaintiff prevails). "An employer who violates the FLSA's overtime provision carries the burden of proving its entitlement to the safe harbor. *Joiner v. Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987). Thus, the issue of liquidated damages in the form of a doubling of unpaid wages is not appropriate for disposition by the Court on a motion for summary judgment.

6.  Therefore, Plaintiffs' claims should proceed to Trial as there is a genuine issue of material fact to be considered by the Jury, and, as set forth *supra*, Defendants' Motion for

Summary Judgment and Incorporated Memorandum of Law [DE59] should be denied in its entirety.

## MEMORANDUM OF LAW

### A. Summary Judgment Standard.

Pursuant to Fed.R.Civ.P. 56, a summary judgment should be granted if, following sufficient discovery, there is no genuine issue of material fact to be decided by a jury; therefore summary judgment is to be granted as a matter of law. *Hoffman v. Allied Corp.*, *et al.,* 912 F.2d 1379, 1383-84 (11th Cir. 1990), *citing, Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining if a genuine issue exists, the court must query whether "a reasonable jury could return a verdict for the nonmoving party…." *Hoffman v. Allied Corp.*, *et al.,* 912 F.2d at 1383. *See also, Beal v. Paramount Pictures Corporation*, 20 F.3d 454, 459 (11th Cir. 1994)("Summary Judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law"); *Silas v. Hillsborough County*, 2006 U.S. Dist. LEXIS 79503, *3-4 (M.D. Fla. 2006)(in FLSA matter court found "[s]ummary judgment is proper if following discovery … there is no genuine issue as to any material fact….").

### B. Plaintiffs' Overtime Claims Should Proceed To A Jury Trial.

Under the FLSA, a covered employee must receive overtime pay at a rate not less than one and one-half times the regular rate at which he is employed if he works a workweek longer than (40) hours. 29 U.S.C. §207(a)(1); *See also, Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1314–15 (11th Cir. 2007). The onus is on Defendants to keep accurate and complete time records under *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946), and moreover, there are very specific records that must be kept pursuant to 29 CFR 516.2. "Where the employer's records of work time are inaccurate [or completely missing] and the employee cannot

offer convincing substitutes . . . [] the employee has carried out [his/her] burden if he proves that he has in fact performed work for which he has been improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.  The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence.  If the employer fails to produce such evidence, the [employee] may then [be] awarded damages even though the results be only approximate. [emphasis added]." *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946); *See also, Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1315 (11th Cir. 2013) (describing an FLSA plaintiff's burden as "relaxed" if an employer has failed to keep adequate time records); *Allen*, 495 F.3d at 1316 (citing *Anderson*, 328 U.S. at 687–88). "If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." *Id.* (quoting *Anderson*, 328 U.S. at 688).

The Eleventh Circuit Pattern Jury Instructions echo the *Anderson* standard. If the jury finds that the employer failed to keep adequate time and pay records, an FLSA plaintiff may "recover a reasonable estimation of the amount of [his] damages" if he has proven by a preponderance of the evidence "a reasonable estimation of the amount and extent of the work for which [he] seeks pay." Eleventh Circuit Civil Pattern Jury Instructions, Instruction No. 4.14 (2013); *See also, Armando Jessurum Medrano v. The Investment Emporium LLC et al*, No. 15-15634, (11th Cir. 2016). Under "the *Anderson* burden-shifting framework, the Plaintiff was not required to offer "definite and certain" evidence he performed work for which he was not properly compensated. *Anderson*, 328 U.S. at 687; *See also Reich v. S. New England Telecomm*." *Solano v. A Navas Party Prod.*, 2011 U.S. Dist. LEXIS 4871, 31-33 (S.D. Fla. Jan. 12, 2011).

The dramatic effect of an employer's failure to maintain adequate records as required with respect to calculation of FLSA damages can be seen in *Reeves v. International Telephone and Telegraph Corporation*, 616 F.2d 1342, 1351 (5th Cir. 1980), *citing, among other cases, Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 687 (1946).  Even if the estimations by Plaintiffs have been at some point inaccurate, "[i]naccurate wage and hour information, however, is not always fatal to a claim for minimum wage or overtime compensation under the Act.  Where the inaccuracy is due to the employer's failure to keep adequate records as required by statute, imprecise evidence on quantum can provide a "sufficient basis" for damages.  *Reeves* is binding old 5th Circuit precedent in the 11th Circuit as such was decided prior to close of business October 1, 1981.  *See, Bonner v. Prichard*, 661 F.2d 1206 (11th Cir. 1981). Where the inaccuracy is due to the employer's failure to keep adequate records as required by statute, imprecise evidence on quantum can provide a "sufficient basis" for damages." *See also, Palma v. Southeast Formwork Construction, LLC, et al.,* Case No. 15-22229-CIV-TORRES [DE64].

Plaintiffs are able to prove that they have in fact performed work for which they have been improperly compensated as a matter of just and reasonable inference. Defendants have not presented a complete set of records for the relevant time period of wall calendars, text messages, or otherwise, because same do not exist. *See,* [DE64-3], P.23, L.18-P.24, L.20; *See also,* [DE64-3], P.26, L.1-P.27, L.16; P.28, L.14-15; P.32, L.5-18.

Plaintiff Granados states in his Affidavit that, "I worked for Defendants, Flex Florida Corp. d/b/a Best Awnings and Felix G. Arbucias, from on or about August 15, 2013 through on or about December 12, 2017, welding and installing awnings for residential and commercial buildings." Granados Aff. ¶¶10-11; *See also,* [DE64-2], P.30, L.10-25; *See also,* [DE64-2], P.32, L.16-P.33, L.7. Plaintiff Granados also states in his Affidavit that, "I would fabricate and install

the awnings. I would also measure windows, doors, and other openings for the size of awnings and cut, assemble, and welding frames. Initially I was paid approximately $16.90 per hour by Defendants and at some point during my employment, on or about December 2016, my rate of pay was increased to approximately $18.90 per hour by Defendants. My final rate of pay prior to my separation of employment with Defendants was approximately $21.00 per hour." *Id.*;[DE64-2], P.31 L.5-10; *See also,* [DE64-2], P.36, L.22-P.38, L.3.Plaintiff Granados further states in his Affidavit that, "Based on my best recollection, I worked Monday through to and including Saturday. My schedule for each day would vary each week. However, on average I would arrive at work at approximately 7:00 a.m. and would finish in the evening at approximately between 5:00-6:00 p.m. We had no set work schedule but would work until the work was complete or until Defendant allowed me and my co-workers to go home." Granados Aff. ¶¶8-9; *See also,* [DE64-2], P.33, L.8-15; P.34, L.8-P.35, L.9; P.61, L.5-P.62, L.25; P.63, L.16-P.64, L.10. Sometimes, Plaintiff Granados would stay at Defendants' warehouse to complete his work (i.e. welding, cutting, etc.) and would not travel to the jobsite on that particular day, depending on the jobs and depending on the schedule assigned to Plaintiff Granados by Defendants. Granados Aff. ¶15; [DE64-1], P.41, L.4-7. Sometimes, while driving to the jobsite Plaintiffs were required to eat and would not have a set break time, it all depended on the day. Granados Aff. ¶17; Bejerano Aff. ¶19.

  In Plaintiff Bejerano's Affidavit he states that, "I worked for Defendants, Flex Florida Corp. d/b/a Best Awnings and Felix G. Arbucias, from on or about February 15, 2013 through on or about December 12, 2017, welding and installing awnings for residential and commercial buildings. My job duties included, but were not limited to, fabricating and installing awnings and assembling and welding the frames. My co-Plaintiff, Jorge L. Granados Millan, was employed

by Defendants, including the individual Defendant, Felix G. Arbucias, to do awning welding and installation. I recall that my co Plaintiff, Jorge L. Granados Millan, overlapped with the time period that I worked for Defendants." Bejerano Aff. ¶¶10-12. Plaintiff Bejerano recalls his rate of pay was initially "…approximately $16.90 per hour by Defendants and at some point during my employment, on or about December 2016, my rate of pay was increased to approximately $18.90 per hour by Defendants." Bejerano Aff. ¶13. Plaintiff Bejerano also states that, "Based on my best recollection, during the relevant time period, I worked Monday through to and including Friday. I also worked on Saturdays however it would vary each month and each year. My schedule for each day would vary each workweek however the hours I generally worked was approximately 7:00 a.m. until we had completed the job duties required of us to complete by Defendants. I would generally complete my job duties at approximately 5:00 p.m. to 8/9:00 p.m., however I do recall days that I started working at 3:00 a.m. and days where we would only complete our workday at 9:00 p.m. or even as late as 1:00/2:00 a.m. I did not have a set schedule during the relevant time period." Bejerano Aff. ¶8-9; [DE64-1], P.39, L.15-P.41, L.19; Bejerano Aff. ¶17; [DE64-1], P.45, L.21-23; P.46, L.25-P.47, L.6; *See also,* Exhibit "A"[2] – Text messages produced during discovery by and between Plaintiff Bejerano and Defendants.

In this case, Plaintiffs are knowledgeable of their schedules and given the said factual disputes and Plaintiffs' arguments that Defendants failed to maintain trustworthy and complete time records under the law cited herein, questions of material fact exist that require the Jury to determine whether Plaintiff is owed overtime wages. The Plaintiffs dispute of the veracity of the Defendants' produced "time records" create a genuine issue of material fact that is for the jury to

---

[2] Exhibit "A" is a composite of text messages by and between Plaintiff Bejerano and Defendants reflecting that Plaintiff Bejerano was not working a set schedule and was not working the hours set forth by Defendants in their Statement of Material Facts [DE60].

decide, and thus Defendants' Motion [DE59] should be denied. This is precisely the issue the United States Supreme Court decided to address in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946). *See Anderson v. Mt. Clemens Pottery Co*., 328 U.S. 680, 687-688 (U.S. 1946).

Plaintiffs would text the individual Defendant, Felix G. Arbucias, the hours that they worked however this was the only method that Defendants used to keep track of the hours Plaintiffs worked. Plaintiff Granados was not always able to text his hours to Defendants because at times his phone was broken or his battery had died and Plaintiff Granados would ask other co-workers to text his hours to Defendants on his behalf. Granados Aff. ¶16; Bejerano Aff. ¶18. Defendants failed to keep records of work time that are complete and accurate and Plaintiffs are able to make a just and reasonable inference and provide an approximation of the hours that he worked during the relevant time period. Bejerano Aff. ¶20; Granados Aff. ¶18; *See,* [DE64-2], P.49, L.14-P.50, L.20; P.94, L.24-P.96, L.5.

As this Court stated, "The employee's burden is not great and the Eleventh Circuit has found an employee can successfully shift the burden of proof by presenting his own testimony indicating the employer's time records cannot be trusted and that he worked the claimed overtime." *Jones v. Carswell Prop. Maint., Inc.,* No. 09–22027–CIV, 2012 WL 163035, at *1 (S.D.Fla. Jan.19, 2012) (on a renewed motion for judgment as a matter of law describing the burden-shifting scheme) (citing *Allen v. Bd. of Pub. Educ. for Bibb Cnty.,* 495 F.3d 1306, 1316 (11th Cir.2007))." *Centeno v. I & C Earthmovers Corp*., 1:12-CV-23097, 2013 WL 4786906 (S.D. Fla. 2013). "Under the Anderson burden-shifting framework, the Plaintiff was not required to offer "definite and certain" evidence he performed work for which he was not properly compensated. *Anderson*, 328 U.S. at 687; *See also Reich v. S. New England Telecomm*." *Solano v. A Navas Party Prod*., 2011 U.S. Dist. LEXIS 4871, 31-33 (S.D. Fla. Jan. 12, 2011).

Defendants argue that they have shifted the burden back to Plaintiffs by producing alleged time records that eviscerate Plaintiffs' just and reasonable inference and Defendants' liability.[3] However, Defendants testified that they did not maintain time records for Plaintiffs, or otherwise, in accordance with the requirements pursuant to 29 CFR 516.2. [DE64-3], P.23, L.18-P.24, L.20. Further, to the extent that they may exist, Defendants have failed to provide evidence of the precise amount of work performed by each Plaintiff or evidence to negate the reasonableness of the inference to be drawn from Plaintiffs' evidence. [DE64-3], P.26, L.1-P.27, L.16; P.28, L.14-15. Defendants did not have a clock-in and clock-out system in place during the relevant time period. [DE64-3], P.32, L.5-18. Thus, not only are these alleged "time records" produced by Defendants during the course of the discovery phase of the litigation miserable substitutes for those required by an employer to maintain per 29 CFR 516.2 but Plaintiffs also attested to never being required to maintain time records and/or report their hours.

Further, one payroll check from Exhibit E of Plaintiff Bejerano's deposition transcript, pay date 12/23/16, reflects 0.33 "OT" which reflects that he was paid at his regular rate of pay and not at the correct time-and-a-half rate of pay as required by the law. The check reflects 0.33 "OT" and shows the pay rate of $16.90 which is the same pay rate reflected for the "REGH" worked in that pay period. As such, even Defendants own records reflect that Plaintiff Bejerano was not being paid at the correct rate of pay for the hours he worked in excess of 40 in a workweek. *See also,* [DE64-1], P.49, L.19-25; P.51, L.15-P.52, L.6. Further, two payroll checks from Exhibit E of Bejerano;s deposition transcript, pay date 12/9/16 and 12/23/16, reflects "OT" paid at Plaintiff Granados' regular rate of pay and not at the correct time-and-a-half rate of pay

---

[3] The alleged time records produced by Defendants do not reflect any hours, actual or otherwise, worked by any of the Plaintiffs and, as such, no burden shifting can logically occur under these circumstances.

as required by the law. The checks reflect that "OT" is paid at the regular rate of pay in that pay period. As such, even Defendants own records reflect that Plaintiff Granados was not being paid at the correct rate of pay for the hours Plaintiff Granados worked in excess of 40 in a workweek. Granados Aff. ¶20-21; Bejerano Aff. ¶21.

Plaintiff Granados states in his Affidavit that "I was told that I was required to my own hours, however, each day, I would write my hours on a calendar in Defendants' office and, at some point during my employment with Defendants, the calendar in the officer was no longer being used, so I would write my hours down and send a copy of them to Defendants every two weeks. I believe Defendants owe me overtime for the hours that I worked over forty hours in a workweek." *See also,* [DE62-1], P.38, L.24-P.40, L.15; P.97, L.25-P.98, L.22; *See,* [DE64-2], P.96, L.21-P.97, L.24.

It is Defendants' burden to keep time records and, in the case at bar, Defendants offer disputed time records and Plaintiffs dispute same. The Supreme Court has ruled that a worker's rights to overtime wages cannot be waived or abridged by contract; they are "inalienable" in the employment law context. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728 (U.S. 1981). Clearly, issues of fact remain as to the hours actually worked by Plaintiffs during their respective employment periods. *See also, Tippens v. Celotex Corp.,* 805 F.2d 949, 954 (11th Cir. 1986).

Defendants seek dispositive relief regarding issues of credibility, and credibility is subject to a jury determination. At the summary judgment stage, the Court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In making this determination, the Court must decide which issues are material. A material fact is one that might

affect the outcome of the case. *See id.* at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Because credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are jury functions, the Court should determine the applicable standard for the Jury trial should be under *Mt. Clemens. See also, Armando Jessurum Medrano v. The Investment Emporium LLC et al*, No. 15-15634, (11th Cir. 2016) ("a jury could have determined that the employment records were not proper and accurate for at least some of the contested periods of time…[V]iewing the record in the light most favorable to [plaintiff], there was sufficient evidence to allow a jury to make a reasonable estimate of the hours he actually worked in each week of the relevant period of time.").

Moreover, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 255 (1986).  Such is why the Eleventh Circuit's Pattern Jury Instructions "3.4 Credibility of Witnesses", inter alia, instructs the jury as follows: "You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter."

**Defendants are asking the Court to make a credibility determination based on selective excerpts from the deposition testimony of Plaintiffs.** Plaintiffs are able to provide a sufficient

estimation as to the hours they worked on a weekly basis and as Defendants' records are inadequate as they are subject to a dispute as to their veracity. Thus, Plaintiffs should be allowed to use the more relaxed standard as set forth in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-688 (U.S. 1946). Because the onus is on the **employer** to maintain adequate time records, the employees/Plaintiffs should not be penalized for failing to prove the extent of their uncompensated work. *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946).

Defendants belief that they should be awarded summary judgment on the grounds of Plaintiffs' inability to provide counter proof of hours worked when Defendants have not met its burden of providing proof that Plaintiffs did not work the hours alleged is in direct contravention to the applicable law herein cited. It is the Jury that needs to determine whether Plaintiffs are owed any damages, and whether they believe their testimony that the records are inaccurate. Viewing the facts in the light most favorable to Plaintiffs and with all reasonable inferences provided to Plaintiffs, Defendants have not established sufficient undisputed evidence to allow the Court to determine that summary judgment should be entered as to Defendants as a matter of law.

### C. **Defendants Recklessly, Willfully, And Intentionally Refused To Pay Plaintiffs' Overtime As Required By The FLSA And Plaintiffs' Claims Should Be Extended Into The Third Year.**

The Court should reject any apparent attempts by Defendants to seek a ruling by the Court that there is no willfulness regarding the statute of limitations. First, Defendants offer no evidence demonstrating a lack of genuine issue. Second, the issue of willfulness (relevant to the statute of limitations and liquidated damages is improper on summary judgment; such is for the jury to consider. For example, the Court has no discretion to deny liquidated damages if the jury finds willfulness or recklessness. Analogously, the Eleventh Circuit has held that an employer's

knowledge of the applicability of the FLSA makes doubling of a wage award mandatory under the Statute, absent a showing of good faith. *See, Joiner v. Macon,* 814 F.2d 1537, 1539 (11th Cir. 1987). In this matter, the jury needs to consider willfulness when it determines the damages, and Defendants will have an opportunity to argue good faith at trial.

Plaintiff Bejerano alleges he worked for Defendants from on or about February 15, 2013 through on or about December 12, 2017. [DE1]. Plaintiff Granados alleges he worked for Defendants from on or about August 15, 2013 through on or about December 12, 2017. *Id.* Both Plaintiffs are claiming the three years, going back from the date the lawsuit was filed, that they worked for Defendants. Defendants' claim Plaintiffs are not entitled to the application of a three (3) year statute of limitations. [DE59]. However, issues of knowledge on the part of the employer concern Jury questions and are not to be determined on summary judgment/for disposition by the Court.

Plaintiff Bejerano put Defendants on notice through verbal complaints of the fact that he was not being paid correctly. [DE64-1], P.58, L.22-25. The individual Defendant told his employees that he did not pay overtime. [DE64-1], P.64, L.15-P.65, L.17; *See also,* [DE64-1], P.96, L.24-P.97, L.14; [DE64-2], P.46, L.10-15; [DE64-2], P.97, L.2-P.98, L.22. Based on Plaintiff Granado's recollection, after the two pay period, 12/9/16 and 12/23/16, the individual Defendant approached Plaintiff Granados and told him that he could **not** pay Plaintiff Granados overtime because it would cause the individual Defendant to pay higher taxes and would only pay Plaintiff Granados at his regular rate of pay for all hours worked. Granados Aff. ¶21. Further, there were no posters that referenced the overtime laws at Defendants' place of business. Granados Aff. ¶24; Bejerano Aff. ¶26.

Additionally, prior to this lawsuit, Defendant did not rely on advice of his accountant to ensure compliance with the overtime laws. [DE64-3], P.131, L.19-24. Prior to the lawsuit, Defendants did not consult with an attorney and/or the Department of Labor to ensure compliance with the overtime laws. [DE64-3], P.132, L.16-P.134, L.11. In Defendants' Responses to Plaintiffs' First Set of Interrogatories, specifically Interrogatory No. 10, Defendants have not set forth any affirmative efforts to ensure compliance with the provisions of the FLSA.[4] The record is devoid of Defendants contacting anyone outside of the Defendant Corporation (i.e. attorney, DOL, etc.) to take affirmative steps to ensure they were paying Plaintiffs their overtime wages in accordance with the law.

As the Court stated in *Morrison v. Quality Transps. Servs.*, 474 F. Supp. 2d 1303 (S.D. Fla. 2007), "[t]he issue of willfulness under § 255(a) is a question of fact for the jury not appropriate for summary disposition. *Soto v. Mclean*, 20 F. Supp. 2d 901, 913 (*citing Fowler v. Land Mgmt. Group, Inc.*, 978 F.2d 158, 162-63 (4th Cir. 1992) (holding in the context of § 255(a), "there is no reason issues of willfulness should be treated any different from other factual determinations relating to application of a statute of limitations that are routinely submitted to the jury."); *see also Pabst v. Oklahoma Gas & Elec. Co.*, 228 F.3d 1128, 1137 (10th Cir. 2000); *McGuire v. Hillsborough County*, 2007 U.S. Dist. LEXIS 3220, 2007 WL 141129, (M.D. Fla. Jan. 17, 2007) ("whether a defendant committed a willful violation is a jury question"); *Colon v. Wyeth Pharms. Co.*, 363 F. Supp. 2d 24, 29-30 (D.P.R. 2005).

Further, pursuant to 29 U.S.C.A. §216(b) of the Fair Labor Standards Act, liquidated damages in the form of a doubling of unpaid wage award is mandatory, absent a showing of

---

[4] It is noteworthy to mention that through Defendants' Response to Interrogatory No. 10, Defendants highlight the miserable substitutes of "time records" (i.e. text messages) for those required by an employer to maintain per 29 CFR 516.2.

good faith. *See, Joiner v. Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987); *See also*, *Reeves v. International Tel. & Tel. Corp.*, 616 F.2d 1342 (5th Cir. 1980). Moreover, the issue of the doubling of unpaid wages is determined by the Court post-trial (as is the case with attorneys' fees, if Plaintiff prevails). "An employer who violates the FLSA's overtime provision carries the burden of proving its entitlement to the safe harbor. *Joiner v. Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987). To satisfy the good faith requirement, an employer must show that it acted with both objective and subjective good faith. *Dybach*, 942 F.2d at 1566-67." *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008). The Court in *Joiner* adopted the rule held by the Fifth Circuit in *Reeves v. International Tel. & Tel. Corp.*, 616 F.2d 1342 (5th Cir. 1980), that an employer who seeks to avoid liquidated damages bears the burden of proving that its violation was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict. *Joiner* at 1539. Furthermore, in *Leach. v. Johnston,* 812 F.Supp 1198 (M.D. Fla. 1992) the Court held that good faith entails a duty to affirmatively investigate whether non-payment of overtime is in conformity with federal wage laws. *See also*, *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272-1274 (11th Cir. 2008), (where the Court differentiated between good faith and willfulness). Despite the employer's argument in *Farms Stores* that the District Court was precluded from finding a lack of good faith by the employer because the jury found no willfulness, the Eleventh Circuit nevertheless found that upon remand the District Court could award liquidated damages. *Id.* at FN7. Further, a jury's finding in deciding the limitations period question that the employer acted willfully precludes the court from finding that the employer acted in good faith when it decides the liquidated damages question. *See, Davila v. Menendez*, 717 F.3d 1179, 1186 (11th Cir.

2013); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.,* 515 F.3d 1150, 1165 (11th Cir. 2008).

The employer has the burden to prove subjective good faith. "Subjective good faith is satisfied when the employer shows it possessed an honest intention to ascertain what [the FLSA] requires and to act in accordance with it. *Dybach*, 942 F.2d at 1566 (citation omitted)." *Arias v. Airplane Towing Inc.,* 2011 WL 1233229 (S.D. Fla. Mar. 30, 2011). Even if the Court were to somehow find that Defendants acted with subjective good faith, Defendants must still demonstrate that they acted with objective good faith:

> Even if the subjective good faith requirement is satisfied, the defendants must also demonstrate objective good faith. *See Dybach,* 942 F.2d at 1567. This standard is satisfied if the employer had reasonable grounds for believing that its conduct comported with the FLSA and took affirmative steps to investigate and ensure that the payment of wages was in conformity with the federal wage laws. *Id.* The defendants claim that they satisfied the objective good faith standard solely because the classification of the plaintiff as an independent contractor was allegedly "a close call," and, therefore, was "clearly within the 'reasonable grounds' requirement of the good faith test."*See* Defendant's Response (DE# 117 at 3). Even if there were reasonable grounds to believe that the plaintiff was an independent contractor under the FLSA, the law requires that the defendants show what actions they took to ascertain this belief. *See Barcellona v. Tiffany English Pub,* 579 F.2d 464, 469 (5th Cir.1979)[1] (explaining that good faith "requires some duty to investigate potential liability under the FLSA") (citation omitted). The defendants have failed to make this showing.

*Arias v. Alpine Towing, Inc.,* 10-20434-CIV, 2011 WL 1233229 (S.D. Fla. Mar. 30, 2011).

In another FLSA matter where the defense also sought to challenge the number of hours alleged as the summary judgment phase), the Court previously held that "the issue of whether a violation of the FLSA is willful is a question for the jury and is **not** properly decided by the Court in summary judgment." [emphasis added]; *Reis v. Thierry's Inc.*, 08-20992-CIV-Turnoff,

at 9 (S.D. Fla. 2009), *citing McGuire v. Hillsborough County*, 511 F.Supp.2d 1211, 1218 (M.D. Fla. 2007). In the case at bar *supra*, Plaintiffs have provided above examples of willfulness which would concern the statute of limitations, however, "[t]o establish that an employer was aware that an employee was working unpaid overtime hours, "a court need only inquire whether the circumstances were such that the employer either had knowledge of overtime hours being worked or else had the opportunity through reasonable diligence to acquire knowledge. *Shearer v. Edger Associates Inc.*, 8:14-CV-2689-T-27JSS, 2015 WL 9274928, at *3 (M.D. Fla. 2015).

As abovementioned, one payroll check from Exhibit E of Plaintiff Bejerano's deposition transcript, pay date 12/23/16, reflects 0.33 "OT" which reflects that he was paid at his regular rate of pay and not at the correct time-and-a-half rate of pay as required by the law. The check reflects 0.33 "OT" and shows the pay rate of $16.90 which is the same pay rate reflected for the "REGH" worked in that pay period. As such, even Defendants own records reflect that Plaintiff Bejerano was not being paid at the correct rate of pay for the hours he worked in excess of 40 in a workweek. *See also,* [DE64-1], P.49, L.19-25; P.51, L.15-P.52, L.6. Further, two payroll checks from Exhibit E of Bejerano;s deposition transcript, pay date 12/9/16 and 12/23/16, reflects "OT" paid at Plaintiff Granados' regular rate of pay and not at the correct time-and-a-half rate of pay as required by the law. The checks reflect that "OT" is paid at the regular rate of pay in that pay period. As such, even Defendants own records reflect that Plaintiff Granados was not being paid at the correct rate of pay for the hours Plaintiff Granados worked in excess of 40 in a workweek. Granados Aff. ¶20-21; Bejerano Aff. ¶21.

Such allegations clearly raise a question of material fact as to whether Defendants either had knowledge of overtime hours being worked or else had the opportunity through reasonable diligence to acquire knowledge. Such allegations are questions of fact for the Jury, which needs

to determine whether Defendants and their agents actions (or inactions) imputed knowledge to Defendants. *See e.g., Bailey v. TitleMax of Georgia, Inc.*, 776 F.3d 797, 804 (11th Cir. 2015).

WHEREFORE PLAINTIFFS RESPECTFULLY REQUEST THE COURT TO DENY DEFENDANTS' MOTION FOR SUMMARY JUDGMNT AND INCORPORATED MEMORANDUM OF LAW, FILED AS [DE59], IN ITS ENTIRETY.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
   Rivkah F. Jaff, Esquire
   Florida Bar No.: 107511

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 1/21/19 TO THE FOLLOWING:**

**TERI GUTTMAN VALDES, ESQ.
TERI GUTTMAN VALDES LLC
1501 VENERA AVENUE, SUITE 300
CORAL GABLES, FLORIDA 33146
TELEPHONE: (305) 740-9600
FACSIMILE: (305) 740-9202
E-MAIL: TGVALDES@AOL.COM**

**BY:__/s/____Rivkah F. Jaff_____
       RIVKAH F. JAFF, ESQ.**