UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20049-Civ-TORRES

DIONYS BEJERANO, JORGE L.
GRANADOS MILLIAN, and
all others similarly situated under
29 U.S.C. 216 (b),

    Plaintiffs,

v.

FLEX FLORIDA COPR. d/b/a BEST
AWNINGS, and FELIX G. ARBUCIAS,

    Defendants.

_____/

## ORDER ON PLAINTIFFS' MOTION IN LIMINE

This matter is before the Court on Dionys Bejerano's and Jorge L. Granados Millian's ("Plaintiffs") motion in limine against Flex Florida Corp. d/b/a Best Awnings and Felix G. Arbucias ("Defendants"). [D.E. 76]. Defendants responded to Plaintiffs' motion on September 25, 2019 [D.E. 77] to which Plaintiffs replied on October 2, 2019. [D.E. 79]. Therefore, Plaintiffs' motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Plaintiffs' motion in limine is **GRANTED in part** and **DENIED in part**.

### *I. BACKGROUND*

Plaintiffs filed this action on January 5, 2018 with allegations that Defendants violated the Fair Labor Standards Act ("FLSA"). [D.E. 1]. Plaintiffs

1

claim that they worked as awning installers and welders from approximately February 2013 to December 2017. Plaintiffs also allege that they worked an average of 65 hours per week, but that Defendants never paid the extra half time rate for any hours worked more than 40 hours per week as required under the FLSA. Accordingly, Plaintiffs request damages, reasonable attorneys' fees, court costs, and interest.

## II. *APPLICABLE PRINCIPLES AND LAW*

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (citing *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). Under the Federal Rules of Evidence, evidence is considered relevant as long as it has the tendency to make a fact of consequence more or less probable. *See* Fed. R. Evid. 401(a)-(b). The Rules permit the exclusion of relevant evidence when the probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. Fed. R. Evid. 403 (emphasis added). Courts are cautioned to use Rule 403 sparingly, *see, e.g., United States v. King*, 713 F.2d 627, 631 (1983), in part because the federal rules favor admission of evidence and in part because relevant evidence is inherently prejudicial to a criminal defendant. *See id*. (citing to other sources).

The term "unfair prejudice" in and of itself speaks to the ability of a piece of relevant evidence to lure the fact finder into declaring a defendant's guilt on grounds other than specific proof of the offense charged. *Old Chief v. United States*, 519 U.S. 172, 180 (1997). It also signifies an undue tendency to suggest guilt on an improper basis, commonly an emotional one. *See id.* In the context of a Rule 403 balancing test, the more essential the piece of evidence is to a case, the higher its probative value; the higher a piece of evidence's probative value, the less likely it should be excluded on 403 grounds. *See King*, 713 F.2d at 631.

Rule 404(b) provides that while evidence of a defendant's other crimes, wrongs, or acts is inadmissible to prove a defendant's actions conform with his character, such evidence may be admitted for other purposes such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Essentially, Rule 404(b) "protects against the introduction of extrinsic act evidence when that evidence is offered solely to prove character." *Huddleston v. United States*, 485 U.S. 681, 687 (1988). For evidence of other crimes or acts to be admissible under Rule 404(b), (1) the evidence must be relevant to an issue other than defendant's character, (2) there must be sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the extrinsic act(s) in question, and (3) the probative value of the evidence cannot be substantially outweighed by undue prejudice. *See, e.g.*, *United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000). The evidence must also pass a 403 balancing test. *Id.* To meet the second prong of the three-part

3

test above, the Government need only make a sufficient showing under which a jury could believe the act actually happened. *See generally Huddleston*, 485 U.S. 681.

Evidence falls outside the scope of Rule 404(b) when it is (1) an uncharged offense that arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense. *United States v. Baker*, 432 F.3d 1189, 1205 n.9 (11th Cir. 2005) (quoting another source).

> Evidence not part of the crime charged but [that] pertain[s] to the chain of events explaining the context, motive[,] and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime . . . forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury.

*United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998). Such evidence must also still satisfy the requirements of Rule 403. *See Baker*, 432 F.3d at 1189.

### III. ANALYSIS

Plaintiffs' motion seeks to exclude evidence of (1) attorneys' fees and costs, (2) liquidated damages, (3) the law firm representing Plaintiffs, (4), Plaintiffs' payment or non-payment of federal income taxes, (5) and Plaintiffs' prior arrests, convictions, pleas, and pending criminal cases. Defendants do not oppose the relief sought as to first three categories but argue that the wholesale exclusion of any references to federal income taxes, arrests, convictions, pleas, and pending criminal cases cannot stand. We will discuss the parties' arguments in turn.

4

### A. *Fees, Liquidated Damages, and Plaintiffs' Lawyers*

Plaintiffs' motion seeks to exclude any reference to attorneys' fees and costs, liquidated damages, and the lawyers representing Plaintiffs. Specifically, Plaintiffs seek to exclude any evidence concerning how they obtained counsel, their fee/retainer agreement, or any other component of their relationship with their attorneys. Defendants argue, in response, that they do not object to the exclusion of fees, costs, and liquidated damages. Defendants only contend that, as to the lawyers representing Plaintiffs, Defendants reserve the right to explore this issue if it becomes relevant at trial. Because Defendants do not otherwise oppose the relief sought, Plaintiffs' motion to exclude any reference to attorneys' fees and costs, liquidated damages, and Plaintiffs' legal representation is **GRANTED**.[1]

### B. *Plaintiffs' Federal Income Taxes*

Next, Plaintiffs argue that any references to their payment or nonpayment of federal income taxes should be excluded under Rule 403 because its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues. Plaintiffs also claim that any questions related to their payment of taxes is

---

[1] If Plaintiffs' legal representation becomes a relevant issue at trial, Defendants may raise the topic at the appropriate time because, for impeachment purposes, "Defendant[s] *may* inquire about Plaintiffs motivation in filing this lawsuit, the basis of [their] claim and formulation of damages, the circumstances surrounding [their] decision," and how they met their attorneys. *See Tapia v. Fla. Cleanex, Inc.*, 2013 WL 12198827, at *1 (S.D. Fla. Mar. 27, 2013) (emphasis in original). These inquiries are allowed because they go to the validity of the allegations presented. It would, of course, "be improper for defense counsel to make unsubstantiated accusations about the actions of Plaintiff[s'] counsel," when questioning Plaintiffs on the nature of their relationship with their attorneys. *Id*. With that being said, we need not go any further with respect to this issue.

irrelevant and that courts in our district have repeatedly found that this issue creates an undue prejudice in the minds of the jury:

> [T]he undersigned concludes that Defendants shall be precluded from suggesting that Plaintiffs failed to pay income taxes because such evidence will likely create undue prejudice in the minds of the jurors; and, it will likely give rise to collateral disputes—including the extent of Plaintiffs' reporting obligations regarding such taxes—that will cause undue delay and confusion of the issues. Thus, Plaintiffs' motion in limine to preclude Defendants from introducing evidence that Plaintiffs failed to pay income taxes is GRANTED.

*Ortiz v. Santuli Corp.*, 2009 WL 2382144, at *1 (S.D. Fla. Aug. 3, 2009); *see also Torres v. Rock & River Food Inc.*, 2016 WL 8716674, at *3 (S.D. Fla. May 11, 2016) ("In this case, the Court is not faced with a plaintiff who *falsified* tax returns or was convicted of tax fraud or tax evasion. Although the Court does not condone the Plaintiff's actions, his failure to pay income taxes has only minor probative value to his character for truthfulness. That probative value, however, is substantially outweighed by confusion of the issues and misleading the jury.") (emphasis in original).

Plaintiffs' motion, as to the payment of federal income taxes, is unpersuasive because, for impeachment purposes, this topic is probative of Plaintiffs' character for truthfulness. *See Solano v. A Navas Party Prod., Inc.*, 2010 WL 11505479, at *2 (S.D. Fla. July 12, 2010) ("If Plaintiff never paid taxes, that too, may be probative of his truthfulness.") (citing *See Chamblee v. Harris & Harris, Inc.*, 154 F. Supp. 2d 670, 681 (S.D.N.Y. 2001) ("Evidence that a witness has failed, for years, to file a tax return is a matter which affects the witness's credibility."); *Mischalski v. Ford Motor Co.*, 935 F. Supp. 203, 208 (E.D.N.Y. 1996) (failure to pay income taxes bears

6

"directly on a plaintiff's propensity for truthfulness and must be admitted for impeachment purposes if plaintiff takes the stand.")); *see also Tapia,* 2013 WL 12198827, at *1 ("Plaintiff seeks to preclude questions about his federal income taxes; in particular, whether he filed tax returns and whether he reported all income on his returns. We deny Plaintiff's request because evidence that he failed to file tax returns or report all his income is relevant for impeachment purposes.").

While Plaintiffs suggest that questions related to federal income taxes may be prejudicial, that argument is unpersuasive because impeachment evidence is by definition prejudicial. The only question is whether the probative value is outweighed by the danger of unfair prejudice and we conclude that it is not. In light of that, the same holds true for Plaintiffs in undermining Defendants' credibility to the extent the latter failed to file and pay their income taxes. This means that impeachment evidence cuts both ways and it is the role of the jury to make the appropriate credibility determinations. Accordingly, Plaintiffs' motion to exclude any evidence of their payment or nonpayment of federal income taxes is **DENIED**.

### C. *Arrests, Convictions, Pleas, and Pending Criminal Cases*

Plaintiffs' final argument is that any references to prior arrests, convictions, pleas, and pending criminal cases should be excluded at trial. Defendants oppose Plaintiffs' motion because these items are admissible under Fed. R. Civ. P. 609. Defendants fail, however, to present any argument that supports their conclusory assertion. Defendants merely request "that Plaintiffs' motion be denied and [that]

any evidence admissible pursuant to Federal Rule of [E]vidence 609 be allowed at [t]rial in this case." [D.E. 77].

Rule 609 permits a party to impeach a witness with respect to his or her felony or misdemeanor convictions so long as the convictions are not more than 10 years old. Plaintiffs suggest that prior arrests, convictions, pleas of *nolo contendere*, and pending criminal cases are *per se* inadmissible under the Federal Rules of Evidence, but that contention is legally incorrect. For example, as to the admissibility of pleas of *nolo contendere*, the Fifth Circuit has concluded that Rule 609 "creates no difference between convictions according to the pleas that preceded them." *United States v. Williams*, 642 F.2d 136, 138-39 (5th Cir. 1981).[2] This means that pleas of *nolo contendere* are the equivalent of a "conviction" for purposes of Rule 609 and that they are admissible depending on the facts of each case. Factors to consider include the remoteness of the conviction, the nature of the past crime, and the need for using the prior conviction. *See United States v. Cathey*, 591 F.2d 268, 276 (5th Cir. 1979). Accordingly, Plaintiffs' motion to categorically exclude any prior convictions or pleas of *nolo contendere* is **DENIED**.

As to the other categories that Plaintiffs seek to exclude, Rule 609 cannot be used to impeach a witness's credibility for the mere existence of an arrest. *See Capshaw v. United States*, 2014 WL 2800848, at *14 (M.D. Ala. June 19, 2014), *aff'd,* 618 F. App'x 618 (11th Cir. 2015) ("As for O'Neal's prior arrests for drug

---

[2] *Williams* was decided on April 8, 1981, and the case is therefore binding precedent. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981).

8

possession, under Federal Rule of Evidence 609, the mere existence of an arrest is not admissible to impeach a witness's credibility.") (citing *United States v. Labarbera,* 581 F.2d 107, 108–09 (5th Cir. 1978)); *see also United States v. Canniff,* 521 F.2d 565, 567 (2d Cir. 1975) ("[A]n arrest record alone would be a tenuous 'good faith' basis to support questions concerning prior convictions for crimes"). "The rationale for this rule is," that "[u]nder our constitutional scheme a defendant is presumed innocent until proven guilty, and therefore an arrest, without more, is quite consistent with innocence and yet its mention may prejudice the jury against defendant." *Labarbera*, 581 F.2d at 109; *see also Jones v. Carswell Prop. Maint., Inc.*, 2012 WL 163025, at *5 (S.D. Fla. Jan. 19, 2012) ("Rolle's alleged convictions were not admissible under Rule 609."); *United States v. Pilati*, 2007 WL 9684457, at *7 (N.D. Ala. Oct. 24, 2007) (agreeing that offenses that do not result in convictions are inadmissible under Rule 609).

However, we cannot exclude all prior arrests because "[d]epending upon whether an arrest led to a criminal conviction which could be used for purposes of impeachment under Rule 609 of the Federal Rules of Evidence, a blanket order barring the use of all arrests at this time would be improper." *Moyer v. New Prime*, Inc., 2017 WL 5644375, at *4 (N.D. Ga. May 30, 2017). The same reasoning applies to the exclusion of any pending criminal cases because Rule 609 contemplates the admissibility of a conviction that may be on appeal. *See* Fed. R. Evid. 609(e) ("A conviction that satisfies this rule is admissible even if an appeal is pending. Evidence of the pendency is also admissible."). Without any specifics as to the prior

9

arrests or pending criminal cases that Plaintiffs seek to exclude, Plaintiffs' motion is unpersuasive for now because a categorical exclusion of these categories cannot stand. Accordingly, Plaintiffs' motion to categorically exclude prior arrests, convictions, pleas of *nolo contendere*, and pending criminal cases is **DENIED**.[3]

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' motion in limine [D.E. 76] is **GRANTED in part** and **DENIED in part**:

A. Plaintiffs' motion to exclude any evidence of attorneys' fees, costs, liquidated damages, and the legal representation of Plaintiffs is **GRANTED**.

B. Plaintiffs' motion to exclude any evidence of their payment or nonpayment of federal income taxes is **DENIED**.

C. Plaintiffs' motion to exclude any references to their prior arrests, convictions, pleas, and pending criminal cases is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of October, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[3] Plaintiffs may renew their motion at the pretrial conference after reviewing Defendants' exhibit list that may reflect any evidence of prior admissible convictions.