**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 18-20049-Civ-TORRES

DIONYS BEJERANO, JORGE L. GRANADOS MILLAN, and all others similarly situated under 29 U.S.C. 216(b),

Plaintiffs,

v.

FLEX FLORIDA CORP. d/b/a BEST AWNINGS, and FELIX G. ARBUCIAS,

Defendants.
_______________________________________/

**ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

This matter is before the Court on Dionys Bejerano's and Jorge Granado Millan's (collectively, "Plaintiffs") motion for partial summary judgment against Flex Florida Corp. d/b/a Best Awnings ("Flex Florida") and Felix G. Arbucias ("Mr. Arbucias") (collectively, "Defendants"). [D.E. 90]. Defendants responded[1] on June 8, 2020 [D.E. 93] to which Plaintiffs replied on June 15, 2020. [D.E. 94]. Therefore, Plaintiffs' motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authorities, and for the reasons discussed below, Plaintiffs' motion for partial summary judgment is **GRANTED**.

[1] Defendants filed a sur-reply on July 13, 2020 [D.E. 98] and Plaintiffs submitted a supplemental filing on July 20, 2020. [D.E. 101].

## *I. BACKGROUND*

Plaintiffs filed this action on January 5, 2018 with allegations that Defendants violated the Fair Labor Standards Act ("FLSA"). [D.E. 1]. Plaintiffs claim that they worked as awning installers and welders from approximately February 2013 to December 2017. Plaintiffs also allege that they worked an average of 65 hours per week, but that Defendants never paid the extra half time rate for any hours worked more than 40 hours per week as required under the FLSA. Accordingly, Plaintiffs request damages, reasonable attorneys' fees, court costs, and interest.[2]

## *II. APPLICABLE PRINCIPLES AND LAW*

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). On summary judgment the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *See Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 597 (1986) (h J another source).

[2] On July 29, 2019, the parties consented to the jurisdiction of the undersigned Magistrate Judge. [D.E. 73].

In opposing a motion for summary judgment, the nonmoving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The existence of a mere "scintilla" of evidence in support of the nonmovant's position is insufficient; there must be evidence on which the jury could reasonably find for the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). A court need not permit a case to go to a jury when the inferences that are drawn from the evidence, or upon which the non-movant relies, are implausible. *See Mize v. Jefferson City Bd. Of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996) (citing *Matsushita*, 475 U.S. at 592-94).

At the summary judgment stage, the Court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. In making this determination, the Court must decide which issues are material. A material fact is one that might affect the outcome of the case. *See id.* at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."). "Summary judgment will not lie if the dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

## *III. ANALYSIS*

Plaintiffs seek partial summary judgment on the question of whether an individual defendant, Mr. Arbucias, was Plaintiffs' employer.[3] An individual cannot be held "liable for violating the overtime provision of the FLSA unless he is an 'employer' within the meaning of the Act." *Alvarez Perez v. Sanford-Orlando Kennel Club*, Inc., 515 F.3d 1150, 1160 (11th Cir. 2008) (citing 29 U.S.C. § 207(a)(1); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971 (5th Cir. 1984)). The FLSA broadly defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Whether an individual falls within this definition "does not depend on technical or 'isolated factors but rather on the circumstances of the whole activity.'" *Hodgson v. Griffin & Brand of McAllen, Inc.*, 471 F.2d 235, 237 (5th Cir. 1973) (quoting *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947)). "'[A] corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'" *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)). "'Operational control means management of day-to-day business functions such as employee compensation, 'direct responsibility for the supervision' of employees, or general operations.'" *Torres v. Rock & River Food Inc.*, 244 F.

[3] The parties agreed in their joint pretrial stipulation that there is (1) FLSA coverage/subject matter jurisdiction, (2) that Plaintiffs were employees as opposed to independent contractors, and (3) that Plaintiffs are not exempt employees as a matter of law. [D.E. 57].

Supp. 3d 1320, 1332 (S.D. Fla. 2016) (quoting *Baltzley v. Berkley Grp., Inc.*, 2010 WL 3505104, at *2 (S.D. Fla. Sept. 3, 2010)).

Although *Patel* recognized personal liability for corporate officers, it "did not purport to limit personal liability to officers, and the Act's broad definition of 'employer' does not admit of such a limitation." *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1310 (11th Cir. 2013). Indeed, as a general matter, "non-officers may be held personally liable under FLSA." *Id.* at 1313. In clarifying "the degree and type of operational control that will support individual liability under [the] FLSA," *id.*, the Eleventh Circuit explained in *Lamonica* that "[a] supervisor's ownership interests in the corporation and control over the corporation's day-to-day functions are relevant to [whether the individual is an employer] because they are indicative of the supervisor's role in causing the violation." *Id.* However, the "primary concern is the supervisor's role in causing the FLSA violation" and "to support individual liability, there must be control over 'significant aspects of the company's day-to-day functions, including compensation of employees or other matters in relation to an employee.'" *Id.* at 1314 (quoting *Alvarez Perez*, 515 F.3d at 1160).

In the Eleventh Circuit, courts look to the "economic reality" of the situation to determine whether an individual is an employer for purposes of the FLSA. The economic reality test looks to "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and

(4) maintained employment records." *Villareal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997) (quoting *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)); *see also Powell v. Carey Int'l, Inc.*, 483 F. Supp. 2d 1168, 1183 (S.D. Fla. 2007). "[N]o single factor is dispositive. 'Instead, the 'economic reality' test encompasses the totality of circumstances, no one of which is exclusive.'" *Santos v. Cuba Tropical, Inc.*, 829 F. Supp. 2d 1304, 1314-15 (S.D. Fla. 2011) (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999)).

Plaintiffs argue that it is undisputed that Mr. Arbucias was their employer because Defendants made this admission in response to Plaintiffs' discovery requests. [D.E. 90-1] (admitting that Mr. Arbucias "is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule."). Plaintiffs also claim that Defendants made the same admission when they filed their answer [D.E. 90-4] and that this issue was further agreed upon during the deposition of Mr. Arbucias. [D.E. 90-5]. Because Defendants have admitted that Mr. Arbucias was Plaintiffs' employer several times throughout this case, Plaintiffs conclude that partial summary judgment should be granted.

Defendants' response is two-fold. First, they argue that Plaintiffs' motion should be denied because it failed to comply with the Local Rules. Defendants state that Local Rule 56.1 requires the filing of a separate statement of material facts to

be filed contemporaneously with the motion. Defendants assert, however, that Plaintiffs failed to comply with this requirement and that the Court need not reach the merits in denying Plaintiffs' motion. Second, Defendants claim that the motion should be denied for an entirely different reason because, notwithstanding their earlier admissions, Plaintiffs failed to discuss the necessary factors that are evaluated in determining whether an individual defendant is an employer under the FLSA. Defendants suggest that the absence of any analysis renders Plaintiffs' motion insufficient and that this is an issue of fact for a jury to decide. For these reasons, Defendants conclude that Plaintiffs' motion should be denied.

Local Rule 56.1(a) requires that a statement of material facts accompany a motion for summary judgment. *See* S.D. Fla. L.R. Rule 56.1(a). Not only does Local Rule 56.1, like the other local rules, have "the force of law," it also serves more than a technical purpose: "[T]he rule's clear procedural directive is intended to reduce confusion and prevent the Court from having to scour the record and perform time-intensive fact searching." *United States v. Marder*, 183 F. Supp. 3d 1231, 1235 (S.D. Fla. 2016) (citations omitted) (summarily denying defendants' motion for summary judgment was which filed on the last day permitted by the court's pretrial scheduling order and without a supporting statement of material facts). The rule is "consistent with determining the appropriateness of summary judgment" given that it is the moving party's responsibility "to inform the Court of the basis for its motion." *Id.*

Plaintiffs concede that, when they filed their motion for partial summary judgment, they failed to file a statement of material facts. Plaintiffs attempted to remedy this defect in their reply when they attached a short statement of material facts as an exhibit with the same items that they referenced in the body of their motion for summary judgment. Defendants take issue with Plaintiffs' reply because the Local Rules require that the movant submit a *separate* statement of material facts – not a statement included as an exhibit or attachment. And because Plaintiffs failed for a second time to comply with the Local Rules, Defendants maintain that the motion should be denied.

When a party seeking summary judgment "does not comply with the Local Rule [56.1] by referencing record evidence . . . it is exceedingly difficult for a court to discern if there is an actual factual dispute concerning a specific paragraph." *Berkower v. USAA Cas. Ins. Co.*, 2017 WL 1250419, at *3, (S.D. Fla. April 4, 2017). Indeed, when a party "fails to direct the Court to the record evidence in support of its asserted facts (or its reasons for disputing an opposing party's asserted facts) contained in each sentence, the Court will not consider those assertions in deciding the Motion." *Levey v. Wells Fargo Bank, N.A.*, 2015 WL 12533125, at *1, (S.D. Fla. Feb. 17, 2015) (summarily denying without prejudice plaintiff's motion for partial summary judgment when each allegedly "undisputed fact" was not supported by a reference to the record or supporting exhibit, and authorizing plaintiff to file a renewed motion "accompanied by a proper statement of material facts, as required by Local Rule 56.1").

Defendants are technically correct that, after two attempts, Plaintiffs failed to comply with the Local Rules and that this presents a sufficient reason to deny Plaintiffs' motion without reaching the merits.[4] *See, e.g.*, *Charles v. Convergent Outsourcing, Inc.*, 2014 WL 11878463, at *1 (S.D. Fla. Nov. 5, 2014) (denying motion for summary judgment because Local Rule 56.1 services "to make review of summary judgment motions less burdensome to the Court," and the failure to comply with its requirements is a sufficient reason for its denial). Defendants are also correct that Plaintiffs' reply falls short because – although Plaintiffs filed, for the first time, a statement of material facts – it was improperly attached as an exhibit as opposed to a separate filing.

We disagree, however, that Plaintiffs' motion should be denied on its face because, unlike other matters where a movant fails to reference pleadings,

[4] Pursuant to Local Rule 56.1, S.D. Fla., "A motion for summary judgment and the opposition thereto shall be accompanied by a statement of material facts as to which it is contended that there does not exist a genuine issue to be tried or there does exist a genuine issue to be tried, respectively." Among other things, the statements of fact must be supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits. The statements of fact must also consist of separately numbered paragraphs. Moreover, there are other requirements as to the submission of statements of material facts:

> Statements of material facts that are submitted in opposition to a motion for summary judgment shall correspond with the order and with the paragraph numbering scheme used by the movant, but need not repeat the text of the movant's paragraphs. Additional facts which the party opposing summary judgment contends are material shall be numbered and placed at the end of the opposing party's statement of material facts; the movant shall use that numbering scheme if those additional facts are addressed in the reply.

S.D. Fla. L.R. 56.1(a).

depositions, and/or answers to discovery requests, Plaintiffs supported their motion with references to the underlying record. Plaintiffs directed the Court to Defendants' answer, the deposition transcript of Mr. Arbucias, the parties' joint pretrial stipulation, and Defendants' discovery responses. While Plaintiffs' motion falls short in some respects, there are sufficient references to the record for the Court to dispose of the issues presented.

Having resolved that preliminary issue, the next question is whether there is a genuine issue of material fact on whether Mr. Arbucias was Plaintiffs' employer. Plaintiffs argue that there are several instances in the record – namely Defendants' discovery responses and its response to Plaintiffs' complaint – where Defendants admitted that Mr. Arbucias was Plaintiffs' employer. Defendants' response is that Plaintiffs have failed to establish the necessary factors, in reference to the economic reality test, to hold Mr. Arbucias as Plaintiffs' employer and that the absence of any discussion renders this an issue of fact for a jury to decide.

The problem with Defendants' response is that, although Plaintiffs did not discuss at length any of the enumerated factors that courts consider in determining whether an individual defendant constitutes an employer under the FLSA, Defendants admitted at least two times that Mr. Arbucias was Plaintiffs' employer. The first time was in response to Plaintiffs' complaint and the second was in response to Plaintiffs' discovery request. Defendants have no answer to either of these admissions in their supplemental filing as they noticeably avoid any

discussion on why an issue of fact exists notwithstanding their prior agreement that Mr. Arbucias was Plaintiffs' employer.

In any event, Defendants have no way to avoid summary judgment on this issue because, even if we set aside their discovery admission, the admission in their answer is dispositive because that is deemed a judicial admission and therefore binding on the party who makes it. *See Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc.,* 713 F.2d 618, 621 (11th Cir. 1983) ("[A] party is bound by the admissions in his pleadings."); *see also Missouri Hous. Dev. Comm'n v. Brice,* 919 F.2d 1306, 1314 (8th Cir. 1990) ("[A]dmissions in the pleadings . . . are in the nature of judicial admissions binding upon the parties, unless withdrawn or amended.") (second alteration in original; internal quotation marks omitted). "[J]udicial admissions are proof possessing the highest possible probative value," and facts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them." *Best Canvas Prods.,* 713 F.2d at 621 (internal quotation marks omitted). That is, "[j]udicial admissions are conclusive" unless the court allows the party to withdraw the admission or "the pleading is amended or withdrawn." *Lambert v. Credit Lyonnais (Suisse) N.A.,* 2001 WL 357316 at *1 (S.D.N.Y. Apr. 10, 2001) (citing *Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP,* 322 F.3d 147 (2d Cir. 2003) ("[T]he allegations in the Second Amended Complaint are 'judicial admission[s]' by which [plaintiff] was 'bound throughout the course of the proceeding.'"); *Weyerhaeuser Co. v. Israel Discount Bank of New York,* 895 F.

Supp. 636 (S.D.N.Y. 1995) (factual admissions in a pleading are ordinarily considered binding judicial admissions)).

Consequently, where a defendant admits a particular fact in his answer, he is estopped to deny it later. *See White v. ARCO/Polymers,* 720 F.2d 1391, 1396 (5th Cir. 1983) ("[F]actual assertions in pleadings are . . . judicial admissions *conclusively* binding on the party that made them.") (citations and footnote omitted) (emphasis added); *see also United States ex rel. & for Use & Benefit of Stanley v. Wimbish*, 154 F.2d 773 (4th Cir. 1946). And "[e]ven if the post-pleading evidence conflicts with the evidence in the pleadings, admissions in the pleadings *are binding on the parties and may support summary judgment against the party making such admissions." Missouri Hous. Dev. Comm'n,* 919 F.2d at 1314 (emphasis added); *see also Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105, 108 (5th Cir. 1987) (holding that plaintiffs were bound by admissions in pleadings and that no factual issue was created by plaintiff's subsequent, contradictory affidavit).

In light of these principles, Defendants cannot retract their earlier admission that Mr. Arbucias was Plaintiffs' employer. Defendants have also failed to explain why their discovery admission should be set aside or ignored. And making matters worse, Defendants agreed during Mr. Arbucias's deposition that he was Plaintiffs' employer – making it unclear as to how Defendants can take a completely different position now that they seek to avoid summary judgment. Defendants are therefore bound to the allegations they admitted to in Plaintiffs' complaint and, as a result, they cannot create an issue of fact with a denial that Mr. Arbucias was Plaintiffs'

employer. *See Tri-Lady Marine, Ltd. v. Bishop Mechancial Servs., LLC*, 2018 WL 10466997, at *4 (S.D. Fla. Sept. 20, 2018), *aff'd Tri-Lady Marine, Ltd. v. Bishop Mech. Servs., LLC*, 763 F. App'x 882 (11th Cir. 2019) ("Tri-Lady is bound by the allegations in its Complaint, and cannot create a disputed issue of material fact by now denying applicability of the Terms and Conditions in opposition to summary judgment.") (citing *In re Summit United Serv., LLC*, 2005 WL 6488106, at *4 (Bankr. N.D. Ga. Sept. 19, 2005) (granting partial summary judgment, in part because plaintiff relied on validity of contract in its complaint and "cannot now argue that it was not bound by the terms of the [contract]."")). Accordingly, Plaintiffs' motion for partial summary judgment is **GRANTED**.

## ***IV. CONCLUSION***

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' motion for partial summary judgment [D.E. 90] is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of July, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge