UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20049-Civ-TORRES

DIONYS BEJERANO, JORGE L.
GRANADOS MILLAN, and all others,

    Plaintiffs,

v.

FLEX FLORIDA CORP. d/b/a
AWNINGS, FELIX G. ARBUCIAS,

    Defendants.
_____/

## ORDER ON MOTION FOR FINAL DEFAULT JUDGMENT

This matter is before the Court on Dionys Bejerano's ("Mr. Bejerano") and Jorge Millan's ("Mr. Millan") (collectively, "Plaintiffs") motion for final default judgment against Flex Florida Corp. d/b/a Best Awnings ("Defendant" or "Flex Florida"). [D.E. 117]. No response was filed in opposition to the motion and the time to do so has now passed. Therefore, Plaintiffs' motion is now ripe for disposition. After careful consideration of the motion, relevant authorities, and for the reasons discussed below, Plaintiffs' motion for final default judgment is **GRANTED in part** and **DENIED in part**.[1]

---

[1]    On July 29, 2019, the parties consented to the jurisdiction of the undersigned Magistrate Judge. [D.E. 73].

## I. BACKGROUND

Plaintiffs filed this action on January 5, 2018 with allegations that Defendant violated the Fair Labor Standards Act ("FLSA"). [D.E. 1]. Plaintiffs claim that they worked as awning installers and welders from approximately February 2013 to December 2017. Plaintiffs also allege that they worked an average of 65 hours per week, but that Defendants failed to pay them the extra half time rate for any hours worked more than 40 hours per week as required under the FLSA. Thus, Plaintiffs filed a one-count complaint seeking relief for a federal overtime wage violation and, as a remedy, damages, fees, costs, and interest.

On April 6, 2021, the Court granted an attorney's motion to withdraw as counsel for Flex Florida. [D.E. 112]. The Court found good cause to grant the unopposed motion but warned Flex Florida that, unlike an individual defendant, federal law requires a corporation to be represented by counsel. *See, e.g., Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that . . . cannot appear pro se, and must be represented by counsel."). The Court instructed terminated counsel to serve a hardcopy of the court order on Flex Florida and to give the company notice that a failure to retain counsel may result in an entry of default. The Court gave Plaintiff until April 20, 2021 to retain new counsel.

On May 14, 2021, Plaintiffs filed a motion for entry of default because, since the date of the prior court order, Flex Florida failed to retain new counsel as the Court instructed it to do. [D.E. 113]. The Court granted Plaintiffs' motion on June 15, 2021 [D.E. 115] and directed the Clerk to enter default against Flex Florida pursuant to Fed. R. Civ. P. 55(a). The Court also directed Plaintiffs to file a motion for final default judgment setting forth the factual and legal basis of their claims for relief against Flex Florida. Plaintiffs complied with that instruction, filed a motion for final default judgment on July 23, 2021 [D.E. 117], and that motion is now ripe for disposition.

## II. APPLICABLE PRINCIPLES AND LAW

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for obtaining default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default. *See* Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, the court may enter default judgment against the defendant so long as the defendant is not an infant or incompetent person. Fed. R. Civ. P. 55(b)(2). "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by entry by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation and citation omitted).

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment pursuant to Rule 55(b). *See*

3

*United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206) (5th Cir. 1975)). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If the admitted facts are sufficient to establish liability, the Court must then ascertain the appropriate amount of damages and enter final judgment in that amount. *See Nishimatsu*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004).

Damages may be awarded only if the record adequately reflects the basis for the award, which can be shown with submission of detailed affidavits establishing the facts necessary to support entitlement to the damages requested. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). Rule 55 does not require an evidentiary hearing on the appropriate amount of damages, and it is within the Court's discretion to choose whether such a hearing should takes place. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

### III. ANALYSIS

Plaintiffs seek final default judgment against Flex Florida for unpaid overtime, liquidated damages, fees, and costs. The FLSA requires employers to pay covered employees (1) a regular hourly wage of at least $7.25, and (2) overtime pay at one and a half times their regular rate for all hours worked in excess of 40 hours per

week. *See* 29 U.S.C. §§ 206(a)(1), 207(a)(1). The elements necessary to satisfy the elements of an FLSA overtime claim are "quite straightforward." *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). "The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered[2] employees and/or failure to keep payroll records in accordance with the Act." *Id.* (citing 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5)); *see also Bailey v. TitleMax of Georgia, Inc.*, 776 F.3d 797, 801 (11th Cir. 2015) ("An unpaid-overtime claim has two elements: (1) an employee worked unpaid overtime, and (2) the employer knew or should have known of the overtime work.") (citing *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1314–15 (11th Cir. 2007)).

### A.   *Overtime Damages*

The first question is whether the complaint establishes Plaintiffs' entitlement to overtime damages. The complaint here meets each of the required elements because it includes well-pled allegations that Defendant employed Plaintiffs [D.E. 1 at ¶¶ 9-10], that Defendant regularly operated a business engaged in the interstate commerce or production of goods, *id.* at ¶ 11, that the business had an annual gross volume of $500,000 in sales for the relevant time period (i.e. 2013-2017), *id.* at ¶ 12, that Plaintiffs worked more than 40 hours per week, *id.* at ¶¶ 13-14, and that

---

[2]   An employee is covered by the FLSA if he or his employer "engaged in [interstate] commerce or in the production of goods for [interstate] commerce." 29 U.S.C. §§ 206(a)(1), 207(a)(1); *see id.* § 203(b). An employer meets this requirement if it has "(1) employees engaged in [interstate] commerce or handling goods moved in [interstate] commerce, and (2) annual gross volume of sales or business done of at least $500,000." *Jones v. Freedom Rain, TLC*, 401 F. App'x 409, 411 (11th Cir. 2010).

Defendant failed to pay overtime wages as required, *id.* at ¶ 15. Given that Defendant, as a defaulted party, admits to the well-pled allegations in the complaint and those facts are sufficient to establish liability without any response in opposition, the only question left is the amount of damages. *See Cotton v. Mass. Mut. Life Ins. Co.,* 402 F.3d 1267, 1278 (11th Cir. 2005) (stating that "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact.").

Mr. Bejerano worked for Defendant from February 15, 2013 through December 12, 2017. [D.E. 1 at ¶ 13]. He says that, during this time, Defendant paid him an hourly wage of $18.90 per hour. *Id.* But, Mr. Bejerano claims that Defendant shortchanged him $9.45/hour for the 25 hours of overtime he worked each week. [D.E. 117-1]. That equates to a total of $236.25 ($9.45/hour*25 hours) per week in overtime pay and, since Mr. Bejerano worked a total of 153 weeks where Defendant failed to properly compensate him, he concludes that Defendant owes him a total of $36,146.25 ($9.45/hour*25 hours*153 weeks) in unpaid overtime.

Mr. Millan also worked for Defendant from August 15, 2013 to December 12, 2017. Mr. Millan's allegations include the same relevant time period[3] where he claims that Defendant paid him an hourly wage of $18.90 per hour. [D.E. 1 at ¶ 14]. Mr. Millan asserts that Defendant shortchanged him $9.45/hour for the 25 hours of overtime he worked each week [D.E. 117-2] and that he is entitled to a total of $236.25 ($9.45/hour*25 hours) per week in overtime pay. Because Defendant failed to

---

[3] The overtime damages for both Plaintiffs include the same time period from January 5, 2015 to December 12, 2017. [D.E. 117-1, 117-2].

properly compensate Mr. Millan for 153 weeks, he seeks a total of $36,146.25 ($9.45/hour*25 hours*153 weeks) in unpaid overtime.

Given these well-pled allegations, the declarations submitted in support of the motion, and the satisfaction of each FLSA element to state a claim for unpaid overtime, both Plaintiffs are entitled to an identical amount in overtime damages, or $36,146.25. For these reasons, Plaintiffs' motion for overtime damages is **GRANTED**.

### B.  *Liquidated Damages*

Having established an entitlement to overtime compensation, the next issue is whether Plaintiffs are entitled to liquidated damages for Defendant's willful violation of the FLSA. [D.E. 1 at ¶ 15 ("Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act.")]. A willful FLSA violation occurs when an employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Under sub-section 216(b), an employer who violates the minimum wage or overtime provisions entitles an employee to an additional amount in liquidated damages:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid wages, or their unpaid overtime compensation,

as the case may be, and in an additional equal amount as liquidated damages.

29 U.S.C. § 216(b).

By defaulting, Defendant has admitted to the allegations in Plaintiffs' complaint for failing to provide adequate compensation for overtime wages and Defendant should be liable for liquidated damages in an amount equal to "the amount of [the] unpaid minimum wages, or [the] unpaid overtime compensation[.]" *Id.*; *Weisel v. Singapore Joint Venture, Inc.,* 602 F.2d 1185, 1191 n.18 (5th Cir. 1979). That entitles both Mr. Bejerano and Mr. Millan to a liquidated damages award of $36,146.25. Hence, Plaintiffs' motion for liquidated damages is **GRANTED**.

### C. *Fees and Costs for Future Collection Efforts*

The final issue is Plaintiffs' request for fees and costs in connection with the future collection efforts that might arise when enforcing the judgment. Plaintiffs suspect that they will have to exert substantial resources in recovering the judgment, that they should be entitled to fees and costs for those efforts, and that the Court should allow them to file a motion seeking all fees and costs incurred to that point within ten days from the date of that collection.

The FLSA mandates that in any action brought by an employee to enforce section 206 or 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983), the United States Supreme Court stated that "the most useful

starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id.* at 434; *accord Norman v. Hous. Auth.,* 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

The question here is different than the usual request for fees and costs in FLSA cases because Plaintiffs seek to recover expenses for *future* collection efforts. Plaintiffs rely, for support, on the decision in *DiFrancesco v. Home Furniture Liquidators, Inc.*, 2009 WL 36550, at *5 (S.D. Fla. Jan. 6, 2009), because there the plaintiffs recovered post-judgment collection fees in an FLSA case. *Id.* ("The Court . . . concludes that reasonable attorney's fees for collecting a final judgement are available under the FLSA."). Plaintiffs say that, while the court acknowledged that the question of "[w]hether attorney's fees extend to collection proceedings in FLSA cases is not settled," *id.* at *4, the court granted fees because of cases involving other federal statutes notwithstanding silence on the face of those statutes or their history or purpose:

> [C]ourts have awarded post-judgment collection fees in cases involving other federal statutes. In *Free v. Briody,* 793 F.2d 807 (7th Cir. 1986), the Seventh Circuit affirmed an award of attorney's fees for efforts made to collect a judgment arising out of a lawsuit brought under the Employee Retirement Income Security Act ("ERISA"). In affirming the fee award the circuit court noted that "[n]othing on the face of the statute, or in its history or purpose, suggests that the only legal efforts that can be compensated by an award of fees are those that precede the judgment, and not those incurred afterward to make the judgment a reality." *Id.* at 808. The circuit court further noted that "the sentry of the judgment is not the end of the litigation. . . . It would make no more sense to deny attorney's fees for efforts to collect a judgment than it

9

> would to deny them for efforts to defend a judgment on appeal." *Id.* at 809.

*Id.* at *5; *see also Shaw v. AAA Engineering & Drafting, Inc.*, 213 F.3d 538, 544–45 (10th Cir. 2000) (holding that the attorney's fees provisions of the False Claims Act allowed an award of fees for time spent in post-judgment collection activities and looking to civil rights cases and Clean Air Act cases for guidance). Because that reasoning should apply here, Plaintiffs conclude that they are entitled to seek the same relief and that the Court should allow them to submit a single motion seeking fees and costs within ten days from the collection of the judgment.

There is a split of authority on whether post-collection fees and costs are recoverable under the FLSA. Judge Middlebrooks declined to follow *DiFrancesco,* but he did not elaborate on the reason for that decision:

> [T]his Court is not bound to follow the decisions of other judges in the same district. *McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004) ("[A] district judge's decision neither binds another district judge nor binds him"). Thus, this Court declines to join the holding of *DiFrancesco* and, absent any binding precedent saying otherwise, declines to award future fees regarding the collection of the default judgment to Plaintiff's counsel.

*Cimeus v. Vestige Sec. Inc.*, 2017 WL 9288587, at *4 (S.D. Fla. Sept. 28, 2017). Judge Altonaga reached a different conclusion, yet she too declined to provide any details:

> Plaintiffs seek reasonable attorney's fees for collecting a final judgment, given they expect to expend more time and effort to collect the default final judgment in this matter. The Court finds collection of such fees appropriate in FLSA cases.

*Cruz v. Paver Designs of Miami Dade Inc.*, 2014 WL 12539726, at *2 (S.D. Fla. Sept. 22, 2014) (internal citations omitted); *see also Podzemelnyy v. Prolog Corp.*, 2020 WL

10

6064873, at *4 (S.D. Fla. Apr. 20, 2020), *Report and Recommendation adopted*, 2020 WL 6059794 (S.D. Fla. Oct. 14, 2020) (citing *DiFrancesco* and concluding that "[b]ecause these expenses are recoverable in FLSA cases, the undersigned recommends that the Court retain jurisdiction for this purpose as well as for other post-judgment orders that may be appropriate.").

Other courts have distinguished *DiFrancesco* for reasons that are not present here, such as an underlying settlement agreement that prohibits the recovery of post-collection fees:

> [T]he present case is distinguishable from *DiFrancesco*, where the parties did not have a settlement agreement. Here, not only is there a Settlement Agreement, but it also includes a $5,000 penalty if Defendant fails to make good on its terms. That penalty provision, along with the above cited language affirmatively precluding Plaintiff from seeking additional compensation, suggests to this Court that the agreed upon amount plus the penalty constitutes the parties' intent as to the full measure of damages agreed to in this case.

*Macias v. Barton Transportation, Inc.*, 2019 WL 12267186, at *3 (S.D. Fla. Dec. 23, 2019).

Based on the cases referenced above and the omission of any appellate authority on the question presented, it is uncertain whether fees are recoverable under the FLSA for post-collection efforts. However, resolution of this question is unnecessary, at least for now, because Plaintiffs' entitlement is premature given that they have not incurred any fees or costs in collection of a judgment. This case is thus materially different than *DiFrancesco* where the court awarded fees *after* plaintiffs had incurred costs in collection of a judgment. The same is not true here given the differences in the procedural posture. So, given that the question of entitlement

11

presents a hypothetical question that is not ripe for disposition, the motion for post-collection fees and costs is **DENIED** as premature. *See Niebuhr v. K.F.A. Enterprises, Inc.*, 2010 WL 5439762, at *11 (S.D. Fla. Dec. 28, 2010) ("The undersigned will not rule at this time as to whether [Plaintiffs'] counsel is entitled to an award of hypothetical, future attorney's fees which may be incurred in collection of the default judgment, unless and until [Plaintiffs'] counsel actually incurs attorney's fees in collection of the default judgment in this case."); *see also Watts v. Club Madonna, Inc.*, 2020 WL 4718561, at *2 (S.D. Fla. Aug. 13, 2020) ("[I]n *DiFrancesco*, the plaintiff successfully obtained a Final Judgment in Garnishment and the Court awarded fees in conjunction with the Final Judgment in Garnishment. In this case the plaintiff has not obtained any success in their post judgment collection efforts. Accordingly, the undersigned finds that the request for the fees and costs in this motion are premature under the circumstances.").

To the extent Plaintiffs seek leave to file a motion for fees and costs in connection with the collection of a judgment, that request is well taken. Plaintiffs are advised, however, that – if collection efforts become necessary and they seek fees and costs for those efforts – they must do more than reference the district court cases discussed above. They should, for example, grapple with the statutory text and regulations of the FLSA and, to the extent available, rely on any appellate authority that resolves the question of whether fees and costs are available for post-collection efforts. Accordingly, the motion for final default judgment is **GRANTED in part** and **DENIED in part**.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for final default judgment is **GRANTED in part** and **DENIED in part**:

A. Plaintiffs' motion for overtime and liquidated damages is **GRANTED**. Mr. Bejerano and Mr. Millan are each entitled to $36,146.25 in overtime damages and $36,146.25 in liquidated damages. That amounts to a grand total of $72,292.50 for Mr. Berjerano, $72,292.50 for Mr. Millan, and an entitlement to statutory interest from the date of the judgment, exclusive of fees and costs.

B. Plaintiffs' entitlement to fees and costs for post-collection efforts is **DENIED** as premature.

C. Plaintiffs may file a motion for fees and costs within sixty days from the collection of any material part of the judgment as per Local Rule 7.3.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of August, 2021.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge